**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:25-cv-21368-KMM

YANISBEL HERNANDEZ ACOSTA,
as Guardian of YOVANIS HERNANDEZ,

Plaintiff,

v.

WISCONSIN ALUMINUM FOUNDRY
CO, INC.,

Defendant.

_________________________________/

**ORDER**

THIS CAUSE came before the Court upon Plaintiff Yanisbel Hernandez Acosta's ("Plaintiff"), as Guardian of Yovanis Hernandez, Motion to Strike Affidavit of Jeanne Hougen and Motion for Leave to File Sur-Reply After Deposition of Jeanne Hougen (the "Strike Motion" or "Strike Mot."[1]) (ECF No. 51), Plaintiff's Motion for Leave to Supplement the Summary Judgment Record With Newly Obtained Evidence (the "Supplement Motion" or "Supp. Mot.") (ECF No. 56), and Defendant Wisconsin Aluminum Foundry Co, Inc.'s ("Defendant") Motion for Leave to File Response to the Supplement Motion (the "Leave Motion" or "Leave Mot.") (ECF No. 68) (collectively, the "Motions"). In connection with the Strike Motion, Defendant filed a Response (the "Response" or "Resp.") (ECF No. 52) and Plaintiff filed a Reply (the "Reply") (ECF No. 53). In connection with the Leave Motion, Plaintiff filed a Response (the "Leave Response" or "Leave Resp.") (ECF No. 72) and Defendant filed a Reply (the "Leave Reply") (ECF No. 89). The

---

[1] The Strike Motion encompasses both the Motion to Strike Affidavit of Jeanne Hougen and Motion for Leave to File Sur-Reply After Deposition of Jeanne Hougen. *See generally* Strike Mot. As a separate Motion for Leave is also before the Court in this Order, the Court refers to the entire Motion as the Strike Motion for clarity.

Motions are now ripe for review. As set forth below, the Court GRANTS IN PART the Strike Motion, GRANTS IN PART the Supplement Motion, and DENIES AS MOOT the Leave Motion.

## I. DISCUSSION

### a. Strike Motion

In the Strike Motion, Plaintiff seeks to strike the Affidavit of Jeanne Hougen ("Hougen") (the "Affidavit" or "Aff.") (ECF No. 50) filed in connection with Defendant's Reply (the "MSJ Reply") in support of its pending Motion for Summary Judgment Based on Statute of Repose (the "MSJ") (ECF No. 33) because: (1) the Affidavit violates Local Rule 7.1(c) by raising "arguments and evidence that were clearly available to" Defendant when the MSJ was filed; (2) Defendant failed to disclose Hougen in its initial disclosures; and (3) the Affidavit is conclusory and fails to establish Hougen's personal knowledge of third-party retailers' inventory practices, and any such knowledge is based on inadmissible hearsay. *See* Strike Mot. at 2, 5–11. In the alternative, Plaintiff seeks leave to file a three-page sur-reply in opposition to the MSJ "after having the opportunity to depose" Hougen pursuant to Federal Rule of Civil Procedure 56(e). *See id.* at 2, 11–12.

In its Response, Defendant argues that the Affidavit should not be stricken because: (1) it permissibly rebuts matters raised in Plaintiff's Response to the MSJ (the "MSJ Response"); (2) Hougen "was not previously identified as an individual having discoverable information" until Plaintiff argued in the MSJ Response that the Affidavit of Steve VanEss (the "VanEss Affidavit") (ECF No. 34-2), submitted in connection with the MSJ, lacks personal knowledge "of inventory procedures and product sales," and the Affidavit "raises no new information that Plaintiff was not previously aware of"; and (3) it is based on personal knowledge and is not hearsay. *See* Resp. at 1–4. Defendant also argues that Plaintiff should not be permitted to file a sur-reply after deposing Hougen as "Plaintiff had ample opportunity during discovery to ask for depositions of

[Defendant's] employees" and "Plaintiff did not file the required Rule 56(d) affidavit certifying that facts were unavailable to justify . . . seeking additional discovery."[2] *See id.* at 4–5.

**i. Local Rule 7.1(c)**

As discussed above, Plaintiff first argues that the Affidavit should be stricken for failure to comply with Local Rule 7.1(c). *See* Strike Mot. at 5–7. Local Rule 7.1(c) provides that a "reply memorandum shall be strictly limited to rebuttal of matters raised in the memorandum in opposition without reargument of matters covered in the movant's initial memorandum of law." S.D. Fla. L.R. 7.1(c)(1). A reply memorandum "may not raise new arguments or evidence, particularly where the evidence was available when the underlying motion was filed and the movant was aware (or should have been aware) of the necessity of the evidence." *See Baltzer v. Midland Credit Mgmt., Inc.*, No. 14-20140-CIV, 2014 WL 3845449, at *1 (S.D. Fla. Aug. 5, 2014) (citations omitted). However, there is a difference "between new arguments and evidence, on the one hand, and rebuttal arguments and evidence, on the other when they are raised in reply briefs." *See id.* (cleaned up and citation omitted). Thus, affidavits attached to a reply brief "may contain facts not previously mentioned in the underlying motion, as long as the facts rebut elements of the opposition memorandum and do not raise wholly new factual issues." *See id.* at *2 (cleaned up and citation omitted).

Here, the MSJ Response argues that the VanEss Affidavit fails to establish "whether the

[2] Defendant also argues that a sur-reply is unwarranted as Defendant "need only point the Court to the fact that Plaintiff lacks evidence to prove its claim" and because "it is not reasonably anticipated that Plaintiff will gain some evidence through [Hougen's] deposition which would prove that the subject product was purchased in 2017" so as to defeat summary judgment. *See* Resp. at 5. Plaintiff asserts in opposition that because the MSJ solely raises Florida's statute of repose, an affirmative defense, Defendant bears the burden of proof on that defense. *See* Reply at 6–7. The Court need not resolve that particular dispute at this time. As discussed below, the Court will permit Plaintiff to file a sur-reply. To the extent the Parties continue to dispute the applicable summary judgment burdens, the Court will address those burdens when adjudicating the MSJ.

subject pressure cooker was sold to a third-party retailer (which would not begin the running of the [statute of] repose clock) or sold directly to a consumer or sat in inventory of a third-party retailer for several years." *See* (ECF No. 45) at 6. In the MSJ Reply, Defendant submits the Affidavit to rebut Plaintiff's challenge to the relevant period under Florida's statute of repose. *See* (ECF No. 49) at 2. Specifically, Defendant contends that the Affidavit confirms that Defendant's products sold during the relevant period were not held in "inventory for longer than one (1) year after final assembly" and "were not held in the inventory of third-party retailers for more than one (1) year without being sold to a consumer." *See id.*; *see also* Aff. ¶¶ 4–5. Accordingly, although the Affidavit constitutes new evidence, the Court finds that it permissibly rebuts the MSJ Response's challenge to the requisite timeframe under Florida's statute of repose and thus does not violate Local Rule 7.1(c). *See Baltzer*, 2014 WL 3845449, at *2; S.D. Fla. L.R. 7.1(c)(1).

However, "[w]hen faced with a reply brief that offers new evidence," the Eleventh Circuit instructs district courts to either "(1) permit the nonmoving party to file a sur[-]reply or (2) refrain from relying on any new material contained in the reply brief." *See Atl. Specialty Ins. Co. v. Digit Dirt Worx, Inc.*, 793 F. App'x 896, 901–02 (11th Cir. 2019) (citation omitted). As the Court intends to resolve the MSJ on a complete record, Plaintiff may file a three-page sur-reply addressing the Affidavit.[3] *See Fed. Ins. Co. v. Surujon*, No. 07-22819-CIV, 2008 WL 2949438, at *6 n.6 (S.D.

[3] As discussed above, Defendant argues that Plaintiff is not entitled to file a sur-reply after deposing Hougen because "Federal Rule of Civil Procedure 56(d) is the mechanism for requesting additional discovery at the dispositive motion stage" and "Plaintiff did not file the required Rule 56(d) affidavit." *See* Resp. at 4–5. Plaintiff argues that Rule 56(d) "applies only to Plaintiff's inability to file an initial opposition to" the MSJ. *See* Reply at 6. Rule 56(d) provides that when "a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may" defer considering the motion, deny the motion, allow additional time for discovery, or issue another appropriate order. *See* Fed. R. Civ. P. 56(d). Although Plaintiff had not deposed Hougen when she initially filed the Strike Motion, Plaintiff subsequently deposed Hougen before the close of discovery and moved thereafter to supplement the summary judgment record with Hougen's deposition, which Defendant does not oppose. *See*

Fla. July 29, 2008) (finding a sur-reply appropriate when the defendant "submitted new evidence in its reply brief"); *see also Baltzer*, 2014 WL 3845449, at *3 (permitting a sur-reply when the defendants submitted new evidence in the reply brief).

**ii. Federal Rule of Civil Procedure 26**

Second, Plaintiff argues that the Affidavit should be stricken for failure to comply with Federal Rule of Civil Procedure 26. *See* Strike Mot. at 7–10. Rule 26 requires a party to provide certain initial disclosures, including the name, address, and number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses. *See* Fed. R. Civ. P. 26(a)(1)(A)(i). A party must supplement or correct its initial disclosures "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." *See* Fed. R. Civ. P. 26(e)(1)(A).

Rule 37(c)(1) provides that if a party fails to "identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that . . . witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). When considering whether non-disclosure was substantially justified, a court should consider "whether reasonable people could differ as to whether the party was required to comply with the disclosure request." *See Gottstein v. Flying J, Inc.*, No. CV 00-BU-3252-S, 2001 WL 36102290, at *3 (N.D. Ala. Sep. 27, 2001) (cleaned up and citation omitted). Non-disclosure "is harmless when there is no prejudice to the party entitled to receive the disclosure." *See Woody v. Delta Air*

Leave Mot. at 2; Leave Reply at 3. Under these circumstances and for the reasons discussed in this Order, the Court will permit Plaintiff to file a sur-reply and supplement the record with Hougen's deposition.

*Lines*, No. 17-23808-CIV, 2019 WL 201352, at *2 (S.D. Fla. Jan. 15, 2019) (citation omitted). The non-disclosing party bears the "burden of establishing that a failure to disclose was substantially justified or harmless." *See Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 824 (11th Cir. 2009) (citation omitted).

Here, Defendant argues that it did not violate Rule 26 because Hougen "was not previously identified as an individual having discoverable information that [Defendant] may use to support its claims or defenses until Plaintiff raised new issues" in her MSJ Response by challenging the VanEss Affidavit's knowledge of "inventory procedures and product sales." *See* Resp. at 3 (emphasis in original). The Court finds this argument unpersuasive as Rule 26 requires a party to disclose not only "witnesses whose testimony the party intends to use," but also those "whose testimony the party may use if the need arises." *See Jean-Baptiste v. City of Mia.*, No. 1:23-CV-22670-MD, 2025 WL 360817, at *4 (S.D. Fla. Jan. 3, 2025) (citation omitted). Hougen falls into the latter category as the record reflects that her knowledge, derived from her role as Defendant's Administrative Assistant from 2002 to 2007, and her familiarity with Defendant's product inventory levels directly bear on Defendant's statute of repose defense. *See* Aff. ¶ 3. Accordingly, given that Hougen's knowledge is central to that defense, Defendant was required to disclose her under Rule 26, and its failure to do so was not substantially justified. *See Jean-Baptiste*, 2025 WL 360817, at *4 (citation omitted); *see also Gottstein*, 2001 WL 36102290, at *3 (citation omitted).

However, the Court finds that exclusion of the Affidavit is not necessary because any harm resulting from the non-disclosure can be cured via sur-reply. Indeed, Plaintiff deposed Hougen during the discovery period and will be granted leave to file a sur-reply addressing the Affidavit, and Plaintiff agrees that any harm from the non-disclosure will "be cured if [she] is permitted leave to file a limited sur-reply after deposing" Hougen. *See* Reply at 2. Under these circumstances, the

Court finds that Plaintiff has not been prejudiced by Defendant's non-disclosure. *See Berryman–Dages v. City of Gainesville Fla.*, No. 1:10cv177-MP-GRJ, 2012 WL 1130074, at *2 (N.D. Fla. Apr. 4, 2012) ("Prejudice generally occurs when late disclosure deprives the opposing party of a meaningful opportunity to perform discovery . . . related to the documents or witnesses in question." (citations omitted)). Accordingly, the Court will not strike the Affidavit under Rule 37(c)(1). *See Jean-Baptiste*, 2025 WL 360817, at *2 ("The district court has broad discretion in deciding whether the failure to disclose evidence is substantially justified or harmless under Rule 37(c)(1)." (citations omitted)); *Wooddy*, 2019 WL 201352, at *2 ("[T]he [c]ourt has discretion in deciding whether to impose sanctions if a party fails to comply with the disclosure requirements." (citation omitted)).

**iii. Personal Knowledge and Hearsay**

Lastly, Plaintiff argues that the Affidavit is conclusory and fails to establish that Hougen has personal knowledge of third-party retailers' inventory practices, and that any such knowledge is based on inadmissible hearsay. *See* Strike Mot. at 10–11. Federal Rule of Civil Procedure 56(c)(4) provides that "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). Thus, "[a]ny portion of an affidavit that does not comply with Rule 56 may not be considered for purposes of summary judgment." *Neeper v. Carnival Corp.*, 754 F. Supp. 3d 1252, 1263 (S.D. Fla. 2024) (citation omitted). Because the Court will permit Plaintiff to file a sur-reply addressing the Affidavit, in which Plaintiff may raise these evidentiary objections, the Court declines to resolve the same at this juncture.

Accordingly, the Strike Motion is granted in part to the extent that Plaintiff may file a three-

page sur-reply addressing the Affidavit.

**b. Supplement Motion**

In the Supplement Motion, Plaintiff argues that the Affidavit should be stricken because Hougen lacks personal knowledge of third-party retailers' practices and any purported knowledge constitutes hearsay or, in the alternative, seeks leave for Plaintiff's deposition of Hougen (the "Deposition") (ECF No. 56-1) to be supplemented into the summary judgment record. *See generally* Supp. Mot. Defendant did not file a response to the Supplement Motion within the time prescribed by Federal Rule of Civil Procedure 6.

A court should generally "only grant a motion to supplement a summary judgment record where such evidence was not available prior to the motion's filing." *Selectica, Inc. v. Novatus, Inc.*, No. 6:13–CV–1708–ORL–40TBS, 2015 WL 12843841, at *2 (M.D. Fla. Sep. 30, 2015) (citation omitted). Thus, "a party may file a supplement when, through no fault of the filing party, certain relevant materials were not in the party's possession at the time that the party filed its motion, response, or reply." *Girard v. Aztec RV Resort, Inc.*, No. 10-62298-CIV, 2011 WL 4345443, at *3 (S.D. Fla. Sep. 16, 2011).

Plaintiff deposed Hougen on January 29, 2026, after learning about her through the Affidavit. *See* Supp. Mot. at 3; *see also* (ECF No. 56-1) at 2. As Plaintiff was previously unaware of Hougen and diligently sought to depose her after the Affidavit was filed, the Court finds that supplementing the record with the Deposition is appropriate. *See Girard*, 2011 WL 4345443, at *3 ("Supplemental filings should not raise issues for the first time that could have, with reasonable diligence, been raised before."). Accordingly, the Court finds that the summary judgment record may be supplemented with the Deposition.

To the extent the Supplement Motion renews Plaintiff's objections to the Affidavit based

on lack of personal knowledge and hearsay in light of the Deposition, those objections are already before the Court in the Strike Motion and the Court declines to resolve those objections at this time for the reasons discussed above. Those objections will be addressed upon adjudication of the MSJ. Thus, the Supplement Motion is granted in part to the extent the Deposition is included in the summary judgment record.

**c. Leave Motion**

Turning then to the Leave Motion, Defendant seeks leave to file a response (ECF No. 68-1) to the Supplement Motion, arguing that the Supplement Motion "does more than seek to place the [Deposition] before the Court" as it also "renews substantive arguments that [the Affidavit] should be stricken." *See* Leave Mot. at 2. Defendant explains that its request for leave to file a response to the Supplement Motion is limited to Plaintiff's renewed request to strike the Affidavit due to lack of personal knowledge and hearsay. *See id.* Defendant further clarifies that it "does not seek a second round of briefing on the discrete supplementation question," for which it did not file a response in opposition. *See* Leave Reply at 3. As the Court declines to separately resolve Plaintiff's renewed objections in connection with the Supplement Motion and will instead address any objections, as necessary, when ruling on the MSJ, Defendant's Leave Motion is denied as moot.

## II. CONCLUSION

Accordingly, UPON CONSIDERATION of the Motions, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that Plaintiff's Motion to Strike Affidavit of Jeanne Hougen and Motion for Leave to File Sur-Reply After Deposition of Jeanne Hougen (ECF No. 51) is GRANTED IN PART as to leave to file a sur-reply, Plaintiff's Motion for Leave to Supplement the Summary Judgment

Record With Newly Obtained Evidence (ECF No. 56) is GRANTED IN PART as to supplementing the summary judgment record with the Deposition (ECF No. 56-1), and Defendant's Motion for Leave to File Response to the Supplement Motion (ECF No. 68) is DENIED AS MOOT. Plaintiff may file a three-page sur-reply addressing the Affidavit within seven (7) days of this Order.

DONE AND ORDERED in Chambers at Miami, Florida, on this 20th day of May, 2026.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c: All counsel of record